IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NIKKI R. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-165 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; MEDICAL | ) | |
| DEPARTMENT; OUTSIDE MEDICAL | ) | |
| DEPARTMENT; DR. BURKS; and, | ) | |
| DR. MARTIN RUTKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Hays State Prison ("HSP") in Trion, Georgia, submitted a, six-page, handwritten complaint pursuant to 42 U.S.C. § 1983, generally alleging improper medical treatment at HSP and Augusta University in Augusta, Georgia. (Doc. no. 1.) On November 30, 2021, because plaintiff failed to use the standard complaint or *in forma pauperis* ("IFP") forms, the Court directed Plaintiff to submit a new complaint and motion to proceed IFP or pay the filing fee within thirty days. (Doc. no. 5.) That same day, the Clerk of Court sent Plaintiff the requisite complaint and IFP form, as well as the Court's Order informing Plaintiff of the thirty-day deadline for returning the forms or paying the filing fee. (Doc. entry dated November 30, 2021.) The time to respond has passed, and Plaintiff has not submitted a

new complaint, IFP motion, or paid the filing fee. Nor has he provided the Court with any explanation why he has not complied.

I.   **DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file the appropriate forms, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with the Court's Order amounts not only to a failure to prosecute, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit a

new complaint or IFP form would be an election to have his case voluntarily dismissed. (See doc. no. 5, pp. 2-4.) As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and because the imposition of monetary sanctions is not feasible in light of the initial request to proceed IFP, (doc. no. 3), the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**II.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of January, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA